IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANDY CLINE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-CV-00800-DGK |
| WALMART ASSOCIATES, INC, and JANE DOE | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION TO DISMISS

This case arises from injuries sustained in a self-checkout aisle. Plaintiff Sandy Cline alleges Defendant Walmart Associates, Inc. ("Walmart") are liable for the injuries she suffered when Jane Doe, an unknown Walmart employee, knocked her over with a stocking cart.

Now before the Court is Walmart's motion to dismiss Count II of Plaintiff's First Amended Petition.[1] For the reasons discussed below, Walmart's motion to dismiss is GRANTED. Count II is dismissed without prejudice.

### Background

The limited factual allegations in Plaintiff's First Amended Petition are as follows. On or about March 23, 2023, Plaintiff was shopping inside Walmart's premises located at 11601 E. US Highway 40, Kansas City, Missouri. While preparing to use the store's self-checkout, Plaintiff was knocked down by a Walmart employee with a stocking cart. Plaintiff sustained injuries.

---

[1] Although in federal court the initial pleading is called a "complaint" instead of a "petition," because this case was removed from Missouri state court where the initial pleading is captioned a petition, the Court uses "Petition" to denote Plaintiff's initial pleading.

Plaintiff filed her lawsuit on August 12, 2024, in Missouri state court, naming Jane Doe and asserting a single negligence count (Count I).  After the parties litigated whether service of Plaintiff's initial petition was proper, Plaintiff filed an amended petition naming Walmart as an additional defendant and added a premises liability claim against it (Count II).  Walmart timely removed the case to this Court asserting diversity jurisdiction.

Walmart now moves to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motion and maintains she sufficiently pled her premises liability claim.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff need not demonstrate the claim is probable, only that it is more than just possible.  *Id.*

**Discussion**

A federal court sitting in diversity, "appl[ies] the substantive law of the forum state." *Hodge By & through Farrow v. Walgreen Co.*, 37 F.4th 461, 464 (8th Cir. 2022). Under Missouri law, "[t]o impose liability on the possessor of the premises, the invitee must show that: 1) a dangerous condition existed on the premises that was not reasonably safe; 2) the possessor knew

2

of the condition, or through the use of ordinary care should have known of it; and 3) the possessor failed to use ordinary care to remove, remedy, or warn of the dangerous condition." *Christian v. Saint Francis Med. Ctr.*, 536 S.W.3d 356, 358 (Mo. Ct. App. 2017). Only the first element is at issue here. More specifically that is, whether a stocking cart operated by an employee constitutes a dangerous condition on Walmart's premises.

"Generally, the dangerous condition is some sort of *artificial condition* on the property itself, not a negligent or dangerous act of one of the inhabitants of such property." *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 560 (Mo. Ct. App. 2005) (citation omitted). Artificial conditions include "hidden dangers, traps, snares, pitfalls, and the like." *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo. Ct. App. 2000) (citation omitted).

Walmart argues Count II should be dismissed because Plaintiff fails to allege the existence of a dangerous condition on the premises. Plaintiff contends "the stocking cart in the area of danger satisfies the dangerous condition" requirement. Suggestions in Opp'n at 4, ECF no. 14.

Plaintiff's argument is unavailing. Plaintiff relies on *Blackburn v. Katz Drug Co.*, 520 S.W.2d 668 (Mo. Ct. App. 1975). In *Blackburn*, the court found a possessor of land liable for injuries sustained by a customer who was struck by a freight cart in an intersection that was obstructed by merchandise. *See id* at 672 ("The obstructions at the northwest corner of the intersection of the aisles made it a 'blind' one."). The court, however, distinguished between the obstructed intersection and freight cart, finding the plaintiff's "injuries stemmed from a combination of a condition of the premises (the view-obstructing racks or displays in the northwest corner of the intersection) and the active conduct of [the employee] in pushing the loaded cart." *Id.* at 672. That is, the obstructed intersection was the dangerous condition on the premises, not the employee's operation of the freight cart.

3

Here, there are no allegations that allow the Court to infer that Plaintiff's injuries were caused by something other than the Jane Doe's own active conduct. There are no allegations that Walmart created a dangerous condition through merchandise congestion or something similar. Accordingly, Count II of Plaintiff's First Amended Petition fails to sufficiently allege a premises liability claim against Walmart.

Finally, Plaintiff seeks leave to amend her petition should the Court find Count II fails to state a claim. Suggestions in Opp'n at 8. Plaintiff's request is DENIED because it fails to comply with the Local Rules, as it is not set out in a separate motion and does include the proposed pleading. *See* L.R. 15.1(a).

## Conclusion

For the foregoing reasons, Defendant Walmart Associates Inc.'s motion to dismiss is GRANTED. Count II is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: February 11, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT